**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANANT KUMAR TRIPATI, | No.    16-15598 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-00615-DCB |
| v. | |
| CORIZON INCORPORATED; DIMITRIC CATSAROS, Dr.; JOSEPH MOYSE, Dr., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| ARIZONA DEPARTMENT OF CORRECTIONS, | |
| Intervenor-Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Before:  THOMAS, Chief Judge, and REINHARDT and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Anant Kumar Tripati filed a pro se suit against Corizon, Inc.—the private provider of medical care to Arizona inmates—alleging violations of his civil rights. The district court found that Tripati lied about being blind in support of a procedural motion to have his typewriter returned to him, and dismissed the case as a sanction. For the reasons set forth below, we reverse the dismissal and remand for further proceedings.

"We review sanctions imposed by a district court for abuse of discretion." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988). However, "[i]n cases where the drastic sanctions of dismissal or default are ordered, the range of discretion for a district court is narrowed." *Id.* at 380. "The most critical criterion for the imposition of a dismissal sanction is that the misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case. This rule is rooted in general due process concerns. There must be a nexus between the party's actionable conduct and the merits of his case." *Id.* at 381 (citations omitted).

The district court found that a nexus existed because "[Tripati]'s misrepresentations concern[ed] his medical condition, which is directly at issue in this lawsuit." The district court defined the nexus at too high a level of generality. Tripati never sought any relief on the merits (as opposed to an intermediate

procedural issue) on the basis of any issues with his eyesight. There was therefore "no nexus between the party's actionable conduct and the merits of his case" and no "interfere[nce] with the rightful decision of the case." *Id.*

We recognize that this is a close case and that the district judge was presented with a difficult decision. Nevertheless, given the pro se status of the plaintiff and our high standard for dismissal, we are obligated to reverse. Accordingly, the case is remanded for further proceedings.

**REVERSED and REMANDED.**